UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES RIVER INSURANCE COMPANY,

    Plaintiff,

v.                                              CASE NO. 1:19-cv-5208

CANAL INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

JAMES RIVER INSURANCE COMPANY ("James River") files suit against CANAL INSURANCE COMPANY ("Canal"), and alleges:

### NATURE OF ACTION

1.    This is an action for damages and declaratory relief under 28 U.S.C. § 2201. Essentially, a heavy metal pipe was on a tractor trailer. It was not properly secured. It fell off and crushed a claimant's foot. Canal improperly disclaimed coverage under its Business Auto policy, among other reasons, because a fork lift was also involved in causing the accident. Canal neglected to recognize that a covered auto, the tractor trailer, was also involved in causing the accident. And regardless, Canal failed to file a declaratory judgment action or otherwise obtain a concession from its insured that there is no coverage so it is equitably estopped from disclaiming coverage under Illinois law.

### JURISDICTION AND VENUE

2.    Jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

3.    Venue is proper in this district because a "substantial part of the events … giving rise to this action occurred" in this district. 28 U.S.C. § 1391(b)(2). More specifically, the Canal

insurance policy to Cardinal Transport, Inc. ("Cardinal Transport") was issued, delivered, and incepted in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. James River is a Virginia corporation with its principal place of business in Richmond, Virginia. James River issued a commercial general liability insurance policy to Cardinal Transport. James River has been fully defending and indemnifying Cardinal Transport.

6. Canal is a South Carolina corporation with its principal place of business in Greenville, South Carolina. Canal issued a Business Auto insurance policy to Cardinal Transport. Canal improperly disclaimed coverage to Canal and improperly shirked its duty to defend and indemnify Cardinal Transport, forcing James River to unilaterally defend and indemnify Cardinal Transport.

## THE UNDERLYING SUIT INVOLVED A "COVERED AUTO"

7. Richard Edwards, Jr. filed suit against Cardinal Transport and others in U.S. District Court in West Virginia (the "underlying lawsuit"). A copy of the complaint is attached as Exhibit "A."

8. According to the complaint, on 10/03/2015, Edwards was assisting someone load metal pipe onto a tractor trailer that was owned by Cardinal. (Compl., ¶11,13,16.)

9. Edwards's role in the process was to block and secure the metal pipe on the truck.

10. The metal pipe was not properly secured.

11. The metal pipe was pulled off the truck, in part because it was not properly secured. It fell and severely crushed Edwards's foot. (¶21.)

12. The accident happened as a result of the ownership, maintenance, and use of the tractor trailer.

13. The jury returned a verdict for Edwards and against Cardinal Transport, which was ultimately reduced to a judgment of $5,415,811.94.

## THE CANAL BUSINESS AUTO POLICY

14. Canal issued a Business Auto insurance policy to "Cardinal Transportation, Inc.," bearing Policy No. PIA07664202, effective from 05/01/2015 05/01/2016. A copy of the Canal policy is attached as Exhibit "B."

15. The Canal policy was issued and delivered to Cardinal Transport in Illinois.

16. The Canal policy is interpreted under Illinois law.

17. In pertinent part, the Canal policy provides:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"…
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages…

18. The Canal insurance policy provides Cardinal Transport with coverage for liability involving "any 'auto'" that has 10,000 GVW or more.

19. The tractor trailer involved in the underlying lawsuit is a "covered auto."

## THE JAMES RIVER CGL POLICY

20. James River issued a commercial general liability policy to Cardinal Transport, bearing Policy No. 00065770-0, and effective from 02/19/2015 through 02/19/2016. A copy of the Canal policy is attached as Exhibit "C." The James River policy has a limit of $1,000,000 for Each Occurrence.

21. Among others, the James River policy includes an Absolute Auto, Aircraft and Watercraft Exclusion as well as an Injury to Independent Contractors and Subcontractors Exclusion.

## CANAL IMPROPERLY DISCLAIMED COVERAGE

22. Initially, Canal agreed to provide Cardinal Transport with a complete defense in the underlying lawsuit. A copy of the letter is attached as Exhibit "D."

23. Canal appointed lawyers to defend Cardinal Transport.

24. Canal fully paid Cardinal Transport's defense attorney's fees and costs.

25. Then, on October 5, 2017, Canal unilaterally withdrew its defense and altogether disclaimed coverage to Cardinal Transport. A copy of the letter is attached as Exhibit "E."

26. In its disclaimer letter, Canal admitted that one of the workers "placed the last piece of pipe **onto the truck** …" and that it was "pulled … **off of the truck**." (emphasis added).

27. Without any adjudication, and without confirming it with Edwards or Cardinal Transport, Canal assumed that the truck was merely incidental to the accident.

28. None of the defenses raised by Canal in its disclaimer have merit.

29. Moreover, Canal did not file a declaratory judgment action against Cardinal Transport for a judicial determination that it properly disclaimed coverage.

30. In lieu of filing a declaratory judgment action, Canal also did not obtain a stipulation from Cardinal Transport that Canal properly disclaimed coverage.

31. As a result of Canal's improper disclaimer, James River was forced and continues to be forced to unilaterally defend and indemnify Cardinal Transport in the underlying suit.

## COUNT I – DECLARATORY RELIEF

32. James River incorporates paragraphs 1 through 31 here.

33. James River is equitably and contractually subrogated to the interests of Cardinal Transport, which it has been forced to unilaterally defend and indemnify in the underlying lawsuit, after Canal improperly disclaimed coverage.

34. Canal had a duty to defend Cardinal Transport in the underlying lawsuit.

35. Canal had a duty to indemnify Cardinal Transport in the underlying lawsuit.

## COUNT II – EQUITABLE CONTRIBUTION

36. James River incorporates paragraphs 1 through 31 here.

37. James River is equitably and contractually subrogated to the interests of Cardinal Transport, which it has been forced to unilaterally defend and indemnify in the underlying lawsuit, after Canal improperly disclaimed coverage.

38. Canal had a duty to defend Cardinal Transport in the underlying lawsuit.

39. Canal had a duty to indemnify Cardinal Transport in the underlying lawsuit.

40. Canal improperly disclaimed coverage to Cardinal Transport.

## COUNT II – EQUITABLE SUBROGATION

41. James River incorporates paragraphs 1 through 31 here.

42. James River is equitably and contractually subrogated to the interests of Cardinal Transport, which it has been forced to unilaterally defend and indemnify in the underlying lawsuit, after Canal improperly disclaimed coverage.

43. Canal had a duty to defend Cardinal Transport in the underlying lawsuit.

44. Canal had a duty to indemnify Cardinal Transport in the underlying lawsuit.

45. Canal improperly disclaimed coverage to Cardinal Transport.

## COUNT III – EQUITABLE ESTOPPEL

46. James River incorporates paragraphs 1 through 31 here.

47. James River is equitably and contractually subrogated to the interests of Cardinal Transport, which it has been forced to unilaterally defend and indemnify in the underlying lawsuit, after Canal improperly disclaimed coverage.

48. Under Illinois law, Canal was obligated to filing a declaratory judgment action following its denial of the duty to defend.

49. Canal failed to file a declaratory judgment action against Cardinal Transport for a judicial determination that it properly disclaimed coverage.

50. Canal is accordingly equitably estopped from disclaiming coverage.

## REQUESTED RELIEF

WHEREFORE, James River respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Canal policy;

b. Declare that Canal owed coverage to Cardinal Transport in the underlying lawsuit and that Canal improperly disclaimed coverage;

c. Declare that coverage under the Canal policy is primary to coverage under the James River policy;

d. Enter judgment against Canal requiring it to reimburse James River for all the attorney's fees and costs that James River has incurred in unilaterally defending the underlying action;

e. Alternatively to d. if Canal is not primary to James River, enter judgment against Canal for its proportionate share of the attorney's fees and costs that James River has incurred in unilaterally defending the underlying action;

f. Enter judgment against Canal requiring it to pay its limit towards satisfaction of the judgment in the underlying action;

g. Award James River all costs it incurred to prosecute this action; and

h. All such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

By: s/ Matthew Dostal_____
*Counsel James River Insurance Company*

Matthew Dostal
Clyde & Co US LLP
55 West Monroe Street
Suite 3000
Chicago, IL 60603
312 635 7000
Matthew.Dostal@clydeco.us

Sina Bahadoran (*pro hac vice forthcoming*)
Eftihios Evan Andronis (*pro hac vice forthcoming*)
Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, FL 33131
305 446 2646
Sina.Bahadoran@clydeco.us
Eftihios.Andronis@clydeco.us