IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RIVER INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-5208 |
| v. | ) ) | Hon. John J. Tharp Jr. |
| CANAL INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff James River Insurance Company states as follows for its Amended Complaint for declaratory judgment and other relief against Canal Insurance Company:

**NATURE OF THIS ACTION**

1. This is an action for declaratory judgment and for other further relief pursuant to 28 U.S.C § 2201 and § 2202. Plaintiff seeks a declaration that Canal Insurance Company owed and owes a duty to defend and indemnify Cardinal Transport Inc. ("Cardinal Transport") in the Underlying Lawsuit (defined below); that Canal Insurance breached its duty to defend and is thereby estopped from denying defense and indemnity to Cardinal Transport for the Underlying Lawsuit; and that James River Insurance Company is entitled to reimbursement from Canal Insurance for costs and fees that James River did and continues to incur in defending and/or indemnifying Cardinal Transport in the Underlying Lawsuit.

2. This action will resolve a dispute among the parties regarding the breach of duties owed by defendant Canal Insurance Company to its insured Cardinal

1

Transport in connection with *Richard Edwards Jr. v. McElliotts Trucking LLC et al.*, case no. 16-cv-1879 (S.D. W.Va.), and the legal ramifications of that breach. An appeal of the judgment entered against Cardinal Transport in that case is currently pending in the United States Court of Appeals for the Fourth Circuit. This Complaint refers to these proceedings collectively as the "Underlying Lawsuit."

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff James River Insurance Company ("James River") is a Virginia corporation with its principal place of business in Richmond, Virginia. James River issued a commercial general liability insurance policy to Cardinal Transport. For the purposes of 28 U.S.C. § 1332, James River is a citizen of Virginia.

4. Defendant Canal Insurance Company ("Canal Insurance") is a South Carolina corporation with its principal place of business in Greenville, South Carolina, which issued a Business Auto policy to Cardinal Transport. For the purposes of 28 U.S.C. § 1332, Canal Insurance is a citizen of South Carolina.

5. The amount in controversy exceeds the $75,000 jurisdictional minimum. At issue are (a) the costs of defending Cardinal Transport in the Underlying Lawsuit, which to date exceed $700,000; and (b) the potential indemnity obligations in relation to the judgment of over $5.4 million that was entered against Cardinal Transport in the Underlying Lawsuit.

6. Jurisdiction for this matter is secure under 28 U.S.C. § 1332. The parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum.

7. Venue is appropriate under 28 U.S.C. § 1391(b)(2). This case involves the application and enforcement of insurance policies issued in this district to Cardinal Transport by Canal Insurance and by James River.

## BACKGROUND

### A. Summary of Underlying Suit

8. On or about February 25, 2016, Edwards filed his Complaint in the Underlying Lawsuit against Cardinal Transport and others. (A true and correct copy of the Edwards Complaint is attached as Exhibit A.) Edwards did not amend his Complaint at any time.

9. The Edwards Complaint alleged that on October 3, 2015, Danny McGowan and McElliotts Trucking were loading metal pipe onto a commercial vehicle (the "Truck") that was leased and operated in interstate commerce by Cardinal Transport. (Complaint, Ex. A at ¶¶ 11, 13, 16).

10. The Edwards Complaint alleged that McGowan used a forklift to lift the pipe from the ground and place it on the Truck. (Complaint, Ex. A at ¶ 18).

11. The Edwards Complaint alleged that Edwards was assisting this process by blocking and securing the pipe after it was placed on the Truck. (Complaint, Ex. A at ¶ 19).

12. The Edwards Complaint alleged that "McGowan placed the very last piece of pipe onto the Truck" and Edwards began to secure it on the Truck. However, before Edwards disconnected the strap connecting that pipe to the forklift, the forklift backed up "pulling the heavy pipe off the truck." (Complaint, Ex. A at ¶¶ 20-21). The pipe fell from the Truck and crushed Plaintiff's foot.

3

13. The Edwards Complaint alleged that Plaintiff's injuries were "a result of the use of the commercial truck … in a negligent and reckless manner." (Complaint, Ex. A at ¶¶ 44, 68).

14. The Edwards Complaint alleged that the Truck "was a vehicle being used at the time of the injury as it was meant to be used and/or in the [ ] operations" of Cardinal Transport. (Complaint, Ex. A at ¶¶ 63, 84).

15. The Edwards Complaint alleged that Defendants had acted "in a negligent and reckless manner in the loading operations and use of the commercial vehicle," i.e., the Truck. (Complaint, Ex. A at ¶ 76).

16. The Edwards Complaint alleged, among other things, that Cardinal Transport was vicariously liable for the negligence of the other defendants because they were operating and/or using the Truck as Cardinal's agents (Count VIII, Ex. A at ¶¶ 61-67); that Cardinal Transport was liable for negligently entrusting the Truck to the use of the other defendants (Count IX, Ex. A at ¶¶ 68-71); that Cardinal Transport was liable for having negligently hired, trained, or retained the other defendants concerning the "proper use of the commercial vehicle" (Count X, Ex. A at ¶¶ 75, 78 80); and that Cardinal Transport was vicariously liable for the negligence of the other defendants because they were operating the Truck under Cardinal's US DOT number, pursuant to the doctrine of lease/logo liability (Count XI, Ex. A at ¶¶ 83-87).

17. Following the jury trial in the Underlying Lawsuit, the Court entered a judgment against Cardinal Transport for $5,415,811.94. The defense of Cardinal Transport is continuing in the pending appeal of that judgment to the United States Court of Appeals for the Fourth Circuit.

B.   The Business Auto Policy issued by Canal Insurance to Cardinal Transport

18.   Canal Insurance issued a Business Auto insurance policy to Cardinal Transport, policy no. PIA07664202, which was in effect from May 1, 2015 to May 1, 2016 (the "Canal Policy"). The Canal Policy was in effect on the date of the Edwards Accident. (Relevant portions of the Canal Policy are attached as Exhibit B).

19.   The description of "Covered Autos Liability Coverage" in the Canal Policy states:

> *We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the **ownership**, maintenance **or use of a covered "auto"**...*
>
> *We have the right and duty to defend any "insured" against a "suit" asking for such damages...*

(Ex. B, Canal Policy at page 2 of form CA 00 01 10 13) (emphasis added).

20.   The Truck in the Underlying Lawsuit is a "covered auto" under the Canal Policy. (Ex. B, Canal Policy at page 1 of form IA 01 CW 0215 and page 1 of form CA 99 54 10 13).

21.   The Canal Policy provides Auto liability coverage with limits of $1 million per accident. (Ex. B, Canal Policy at page 1 of form IA 01 CW 0215).

22.   The "Other Insurance" provision in the Canal Policy states (in relevant part) that "*this Coverage Form provides primary insurance for any covered auto you own.*" (Ex. B, Canal Policy at page 5 of form CA 23 30 10 13).

23.   Illinois law governs issues of insurance coverage, rights and duties under the Canal Policy.

5

C.   The General Liability Policy issued by James River to Cardinal Transport

24.   James River issued a commercial general liability ("CGL") policy to Cardinal Transport, policy no. 00065770-0, which was in effect from February 19, 2015 to February 19, 2016 (the "James River Policy"). (A copy of the James River Policy is attached as Exhibit C.)

25.   The James River Policy provides CGL coverage with limits of $1 million per occurrence. (Ex. C, James River Policy at page 1 of form MC0001US 05-09).

26.   The James River Policy contains the following language under Commercial General Liability Conditions:

*Transfer of Rights of Recovery Against Others to Us*

*If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.*

(Ex. C, James River Policy at page 12 of form CG 00 01 12 07).

27.   Illinois law governs issues of insurance coverage, rights and duties under the James River Policy.

D.   Defense of Cardinal Transport in the Underlying Lawsuit

28.   On April 1, 2016, Canal Insurance agreed to defend Cardinal Transport in the Underlying Lawsuit under reservation of rights. (A copy of Canal Insurance's 4/1/16 letter is attached as Exhibit D).

29.   Canal Insurance hired attorney Dan Schuda of the law firm of Anspach Meeks and Ellenberger in Charleston, W.Va. (the "Canal Attorneys") to defend Cardinal Transport in the Underlying Lawsuit.

6

30. On April 14, 2016, the law firm of Flaherty Sensabaugh & Bonasso – defense counsel hired by James River (the "James River Attorneys") – also appeared on behalf of Cardinal Transport.

31. By letter dated April 13, 2016, Canal Insurance told Cardinal Transport that Canal Insurance had asked the Canal Attorneys to "step back and assume a monitoring role while [one of the James River Attorneys] serves as lead counsel." (A copy of Canal Insurance's 4/13/16 letter is attached as Exhibit E).

32. After April 2016, the Canal Attorneys "monitored" various court hearings and depositions, but did not take any depositions, defend any witness depositions, draft any substantive motions, assist with trial or the appeal, or otherwise defend Cardinal Transport in the Underlying Lawsuit.

33. Canal Insurance sent representatives to monitor two different mediations but did not offer funds to assist with resolution of the claims against Cardinal Transport.

34. On August 2, 2017, the trial court partially denied Cardinal Transport's motion for summary judgment. The Court's ruling was based, in part, on federal law under which Cardinal Transport was responsible for control, operation and use of the Truck. According to the Court, operation and use of the Truck could easily include loading of the Truck – which is how Edwards was injured. (A copy of the Court's 8/2/17 Memorandum Opinion and Order is attached as Exhibit F).

35. On October 5, 2017 – less than two weeks before trial was set to begin – Canal Insurance announced that it owed no coverage for Cardinal Transport for the Underlying Lawsuit, and stated that it would not pay any sums on its behalf. (A copy of Canal Insurance's 10/5/17 letter is attached as Exhibit G). The 10/5/17 denial letter from

Canal Insurance asserted that (a) the Edwards Accident did not arise from "use" of the Truck and (b) the case "appears" to come within a policy exclusion.

36. The 10/5/17 denial letter relied on information that was contrary to and/or had not been alleged in the Edwards Complaint, and which was inconsistent with the court's 8/2/17 ruling on Cardinal Transport's motion for summary judgment.

## COUNT I
## ESTOPPEL BASED ON CANAL INSURANCE'S BREACH OF ITS DUTY TO DEFEND CARDINAL TRANPORT

37. Plaintiff realleges and incorporates paragraphs 1 - 36 above as though fully set forth herein.

38. Canal Insurance had a duty to defend Cardinal Transport in the Underlying Lawsuit because the Edwards Complaint alleged facts and theories of liability against Cardinal Transport that were sufficient to establish potential or actual coverage under the Canal Policy.

39. Under the Canal Policy, Canal Insurance had a duty to defend Cardinal Transport in the Underlying Lawsuit on a primary basis.

40. Canal Insurance did not defend its insured Cardinal Transport in the Underlying Lawsuit, and therefore breached its duty.

41. Canal Insurance abandoned the defense that it agreed to provide to Cardinal Transport by unilaterally deciding to "step back" and merely "monitor" the defense of Cardinal Transport that was provided by the James River Attorneys.

42. Canal Insurance never filed a declaratory judgment action to obtain a ruling on its rights and obligations to Cardinal Transport in relation to the Underlying

Lawsuit, nor did it seek any ruling permitting Canal Insurance to stop providing a defense to Cardinal Transport.

43. Canal Insurance never sought to intervene in the Underlying Lawsuit, nor did it seek any special findings to support its assertion that the Canal Policy did not provide coverage for the Underlying Lawsuit.

44. Canal Insurance did not obtain Cardinal Transport's consent, waiver, instruction or agreement that would release Canal Insurance from its duty to defend or indemnify Cardinal Transport in connection with the Underlying Lawsuit.

45. Having failed to provide a defense to Cardinal Transport or to seek a ruling on its coverage obligations, Canal Insurance is estopped from asserting or relying on any coverage defenses that it might otherwise have asserted.

46. Having failed to seek a timely declaration of its rights and obligations, Canal Insurance cannot justify its coverage position or actions by relying on facts or information outside the Edwards Complaint and the Canal Policy.

47. As a result of Canal Insurance's actions and its failure to defend Cardinal Transport, James River was and continues to be forced to unilaterally defend Cardinal Transport and to pay for all defense efforts throughout the Underlying Lawsuit, including trial, the appeal, and mediation.

48. Pursuant to the Transfer of Rights Condition in the James River Policy, the rights of Cardinal Transport against Canal Insurance have been transferred to James River to the extent that James River has paid monies for the benefit of Cardinal Transport.

WHEREFORE, for the reasons set forth above, Plaintiff asks this Court to enter judgment against Canal Insurance, finding and declaring that:

a. Canal Insurance owed and/or owes a duty to defend Cardinal Transport in the Underlying Lawsuit;

b. Canal Insurance breached its duty to defend Cardinal Transport in the Underlying Lawsuit;

c. Canal Insurance is estopped from raising or relying on any coverage defenses to its duty to defend and/or indemnify Cardinal Transport;

d. Canal Insurance owes a duty to indemnify Cardinal Transport for the Underlying Lawsuit;

e. James River is entitled to reimbursement for all sums that should be or should have been paid by Canal Insurance; and

f. James River is entitled to an award of prejudgment interest, costs incurred herein, and for such further relief as the Court deems just.

**COUNT II**
**RECOVERY OF DEFENSE AND INDEMNITY EXPENSES INCURRED BY JAMES RIVER, BASED ON CONTRACTUAL SUBROGATION**

49. Plaintiff realleges and incorporates paragraphs 1 - 48 above as though fully set forth herein.

50. As a result of Canal Insurance's failure to defend Cardinal Transport, James River was and continues to be forced to unilaterally defend Cardinal Transport and to pay for all defense efforts throughout the Underlying Lawsuit, including trial, the appeal, and mediation.

51. Pursuant to the Transfer of Rights Condition in the James River Policy, the rights of Cardinal Transport against Canal Insurance have been transferred to James River to the extent that James River did or will pay monies for the benefit of Cardinal Transport.

52. James River is contractually subrogated to the rights of Cardinal Transport against Canal Insurance and is entitled to reimbursement for all defense and indemnity costs and expense that Canal Insurance should pay or should have paid for the benefit of Cardinal Transport since April 13, 2016.

WHEREFORE, for the reasons set forth above, Plaintiff asks this Court to enter judgment against Canal Insurance, finding and declaring that:

a. Canal Insurance owed and/or owes a duty to defend Cardinal Transport in the Underlying Lawsuit;

b. Canal Insurance breached its duty to defend Cardinal Transport in the Underlying Lawsuit;

c. Canal Insurance is estopped from raising or relying on any coverage defenses to its duty to defend and/or indemnify Cardinal Transport;

d. Canal Insurance owes a duty to indemnify Cardinal Transport for the Underlying Lawsuit;

e. James River is entitled to reimbursement for all sums that should be or should have been paid by Canal Insurance; and

f. James River is entitled to an award of prejudgment interest, costs incurred herein, and for such further relief as the Court deems just.

       Respectfully submitted,

       /s/Hope G. Nightingale_____

Hope Nightingale (#06184864)
Litchfield Cavo LLP
303 W. Madison, Suite 300
Chicago, IL  60606
312-781-6614 (Nightingale)
312-781-6630 (Fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2019, I electronically filed the foregoing AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Howard B. Randell  
Scott Wing  
Leahy, Eisenberg & Fraenkel, Ltd  
33 West Monroe Street , Suite 1100  
Chicago, IL 60604  
(312) 368-4554  
Email: hbr@lefltd.com  
Email: sw@lefltd.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

NONE

                                                      /s/Hope G. Nightingale_____

Hope Nightingale (#06184864)  
Litchfield Cavo LLP  
303 W. Madison, Suite 300  
Chicago, IL  60606  
312-781-6614 (Nightingale)  
312-781-6630 (Fax)